UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDEN A. THOMAS,<br><br>        Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA,<br>COUNTY OF SOLANO, et al.,<br><br>        Respondent. | No. 2:17-cv-0638 KJM DB P<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

      Petitioner appears to be a state prisoner proceeding pro se.[1] He has filed a document entitled "Petition for Writ of Mandamus, MPA, Affidavit, Judicial Notice and Certified Records ISO." (ECF No. 1.) Petitioner cites the All Writs Act, 28 U.S.C. § 1651 as authority for this filing. Petitioner also seeks leave to proceed in forma pauperis.

      Petitioner states that he is making a "special appearance" on behalf of "the Paul Patrick Jolivette, Estate DBA P.A.J. Trust." He appears to be seeking confirmation of a settlement agreement made on behalf of Mr. Jolivette and "the immediate release of Paul Patrick Jolivette (T-40846) from the California Department of Correction and Rehabilitation." (ECF No. 1 at 2.) Petitioner does not state where Mr. Jolivette is currently incarcerated.

---

[1] Petitioner lists his address on his pleading as "500 W. Graham Ave. #926, Lake Elsinore, CA 92530." However, the return address on the envelope containing this pleading indicates petitioner is an inmate at Centinela State Prison in Imperial, California.

1

1    Petitioner has no standing to sue on behalf of a third party.  In order to have standing to
2    bring a claim in federal court, a petitioner must (1) assert his or her own rights, rather than rely on
3    the rights or interests of third parties; (2) allege an injury that is more than a generalized
4    grievance; and (3) allege an interest that is arguably within the zone of interests protected or
5    regulated by the statute or constitutional guarantee in question. Estate of McKinney v. United
6    States, 71 F.3d 779, 782 n.4 (9th Cir. 1995); Hong Kong Supermarket v.Kizer, 830 F.2d 1078,
7    1081 (9th Cir. 1987).  Ordinarily a petitioner does not have standing to complain about the
8    deprivations of the constitutional rights of others.  Powers v. Ohio, 499 U.S. 400, 410(1991);
9    Estate of McKinney, 71 F.3d at 782 n.4.

10    Pro se litigants have no authority to represent anyone other than themselves; therefore,
11    they lack the representative capacity to file motions and other documents on behalf of prisoners.
12    See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no
13    authority to appear as an attorney for others than himself,'" (quoting C. E. Pope Equity Trust v.
14    United States, 818 F.2d 696, 697 (9th Cir. 1987)).  "Although a non-attorney may appear in
15    propria persona in his own behalf, that privilege is personal to him." Id. (citations omitted).

16    Petitioner is proceeding pro se and may not proceed with claims brought on behalf of Mr.
17    Jolivette.  Thus, petitioner fails to allege a proper claim on behalf of third parties, and this action
18    should be dismissed without leave to amend.

19    Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

20    These findings and recommendations will be submitted to the United States District Judge
21    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
22    after being served with these findings and recommendations, petitioner may file written
23    objections with the court.  The document should be captioned "Objections to Magistrate Judge's
24    Findings and Recommendations."  Petitioner is advised that failure to file objections within the
25    specified time may result in waiver of the right to appeal the district court's order.  Martinez v.
26    Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate
27    of appealability should issue in the event he files an appeal of the judgment in this case. See Rule
28    ////

11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: October 24, 2017

                                                        DEBORAH BARNES
                                                        UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/thom0638.fr

3